**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASSOCIATION OF NATIONAL ADVERTISERS<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ACCESS INTELLIGENCE LLC,<br><br>　　　　　Defendant. | **COMPLAINT**<br>**AND JURY DEMAND**<br><br>**Civil Action No.** |

Plaintiff Association of National Advertisers ("ANA" or "Plaintiff"), by its counsel Reed Smith LLP, brings this action against defendant Access Intelligence LLC ("Access Intelligence" or "Defendant"), for trademark infringement, false association, and unfair competition. Plaintiff respectfully alleges as follows:

## NATURE OF ACTION

1.　　　Plaintiff, the Association of National Advertisers, is a cornerstone of the advertising and marketing industry. It is the world's largest association of client side marketers, advertising agencies and associated representatives, comprised of over 1,000 companies that collectively spend or support more than $250 billion in marketing and advertising annually. The ANA is a force in the marketing arena, commanding the industry agenda and shaping the future of marketing. Central to this agenda, the ANA hosts conferences to educate those in the industry and provide networking opportunities.

2.　　　For decades, Plaintiff's main marketing conference has been its annual MASTERS OF MARKETING conference, which draws thousands of professionals from across the advertising and marketing industry. Plaintiff has held a federal trademark registration in MASTERS OF MARKETING since 2008 (Reg. No. 3,503,893), and by virtue of the rights it

obtained from its predecessor-in-interest, its rights in the MASTERS OF MARKETING mark date back to 1997. The mark is famous in the marketing industry and inextricably associated with the ANA.

3.    Plaintiff has also expanded the MASTERS OF MARKETING trademark by creating a family of "Masters of" marks including "Masters of Media," "Masters of B2B Marketing" and "Masters of Measurement." Those in the marketing community have come to associate the "Masters of" family of marks with conferences sponsored by the ANA. As such, the "Masters of" "surname" has acquired secondary meaning.

4.    Plaintiff has also begun hosting "Brand Activation" conferences, the most recent being held in April 2017 in Chicago.

5.    Upon information and belief, Defendant, which is a business intelligence company with a small marketing brand, has blatantly infringed Plaintiff's MASTERS OF MARKETING mark, as well as its related family of "Masters of" marks, by advertising a competing marketing conference entitled "Masters of Brand Activation," scheduled to be held in New York City on June 13, 2017. Defendant has widely promoted this infringing conference across the marketing industry, including to several of Plaintiff's members and employees.

6.    Defendant's "Masters of Brand Activation" marketing conference is confusingly similar and imitates Plaintiff's MASTERS OF MARKETING mark and its "Masters of" family of marks. Defendant's use falsely suggests an association with the well-known and highly regarded ANA.

7.    Defendant's conduct constitutes willful infringement, as well as unfair competition under the Lanham Act and New York common law.

8.      By letter dated April 25, 2017, Plaintiff gave Defendant written notice of its infringing and unlawful conduct.  However, instead of ceasing use of the infringing mark, Defendant has doubled down on its promotional efforts and updated its materials to more prominently feature the "Masters of" portion of its "Masters of Brand Activation" name and explicitly claimed, in willful disregard of the ANA's written notice to Defendant, that it is "the only conference of its kind."  As a result of Defendant's blatant and willful infringement, Plaintiff is forced to seek redress from the Court.

## THE PARTIES

### Plaintiff

9.      The Association of National Advertisers, based in New York, is the world's largest and most renowned association of advertising agencies, companies and associated representatives.  The ANA membership comprises over 1,000 companies with 15,000 brands that collectively spend or support more than $250 billion in marketing and advertising annually.  The ANA is intended to advance, promote and protect the interests of marketers.

### Defendant

10.      Upon information and belief, Access Intelligence, based in Rockville, Maryland, is a business intelligence company which owns the "Chief Marketer" brand.  Using the Chief Marketer brand, Defendant promotes itself as a resource for marketing professionals at consumer and business-to-business brands allegedly providing information on marketing strategies, tactics and techniques.  Defendant has promoted the "Masters of Brand Activation" conference through the Chief Marketer brand.

## JURISDICTION AND VENUE

11.      Federal subject matter jurisdiction exists under 15 U.S.C. § 1121 and 28 U.S.C. §§1331 & 1338 for claims arising under the Lanham Act.

12.    This Court has supplemental jurisdiction over Plaintiff's state law unfair competition claims because this claim arises from a common nucleus of operative facts as Plaintiff's federal claims.

13.    This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4 and C.P.L.R. § 302 because this action arises out of the business Defendant transacts in the State of New York and this District, and therefore, Defendant has purposefully availed itself of this forum.  Moreover, the exercise of personal jurisdiction in this forum is reasonable given: (i) the limited burden imposed upon Defendant in pursuing this action in New York where Defendant's conference is held; (ii) New York's interest in the subject matter, including unfair competition; (iii) Plaintiff's interest in obtaining relief in New York; (iv) the efficient resolution of these controversies can be secured through the prosecution of these claims in New York; and (v) New York's shared interest with other states regarding the issues presented in this case, including protecting trademarks and trade names and prohibiting unfair competition in interstate commerce.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because this District has personal jurisdiction over Defendant and a substantial part of the events or omissions giving rise to the claim occurred or are set to occur in this District.

## STATEMENT OF FACTS

**A.    Plaintiff's Long-Standing and Well-Known MASTERS OF MARKETING Conference**

15.    The ANA hosts an annual conference called the MASTERS OF MARKETING, the largest marketing conference in the United States.  The conference brings chief marketing officers and other industry professionals together to provide attendees with information about "traditional and digital marketing tools, evolving technologies, content and data to reach target

audiences and grow market share." *See* Exhibit A (ANA 2016 MASTERS OF MARKETING Conference Brochure).

16.     The MASTERS OF MARKETING conference is widely known across the marketing industry, and draws roughly 3,000 attendees from across the globe each year. Those in the industry view the conference as the preeminent marketing conference and refer to it as "The Masters." In recent years, the ANA has also promoted a hashtag for the conference, #ANAMasters. Accordingly, the "Masters" portion of MASTERS OF MARKETING mark, which is also the basis of the ANA family of marks, holds particular significance and has acquired secondary meaning.

17.     The ANA expends tremendous resources in promoting MASTERS OF MARKETING across numerous platforms. Invitations to the conference are sent each year via email to roughly 60,000 individuals. The ANA additionally promotes the conference to Twitter, Facebook and LinkedIn followers, and reaches roughly 20,000 individuals through these channels. The conference is also promoted in industry publications reaching a vast audience.

18.     The ANA has used the MASTERS OF MARKETING mark for roughly twenty years through itself and its predecessor-in-interest, the American Marketing Association. Since its inception, the MASTERS OF MARKETING mark has been used in association with services to members of the advertising and marketing communities both in the U.S. and the international advertising industry at large. As a result, the MASTERS OF MARKETING mark has garnered global goodwill and is famous in the marketing community.

19.     The most recent MASTERS OF MARKETING conference was held in October 2016 in Orlando, Florida. The conference featured speakers promoted as "thought leaders and influencers who have built brands, leveraged new media, and made marketing more accountable"

from companies such as Mattel, CVS Health, Johnson & Johnson, Mastercard, Verizon Communications and McDonald's USA, LLC.

20.     The next MASTERS OF MARKETING conference is set to occur on October 4-7, 2017 in Orlando and will feature speakers from Unilever, State Farm, The Clorox Company, and JP Morgan Chase & Co., among others.  Though promotion of the event is already underway, fewer attendees have registered than at this point in time in previous years.  Upon information and belief, this decrease in enrollment is a direct result of Defendant's infringing conduct and the resulting consumer confusion.

21.     The ANA has protected MASTERS OF MARKETING through registration with the U.S. Patent and Trademark Office.  The ANA owns the service mark MASTERS OF MARKETING, under U.S. Registration No. 3,503,893 for "Educational services, namely, organizing and conducting forums and conferences in the field of marketing."  The mark for this use is incontestable.

22.     Given that the MASTERS OF MARKETING conference has become synonymous with the ANA and one of its central focuses, the ANA also registered the service mark for its core activities under U.S. Registration No. 4,993,655 for "Association services promoting the interests of members of the advertising community."

23.     In addition to its keynote conference, the ANA has built upon its well-known MASTERS OF MARKETING mark by sponsoring various other conferences under the family of marks utilizing the "Masters of" title.  These have included "Masters of Media," "Masters of B2B Marketing" and "Masters of Measurement."  The ANA promotes these conferences to the same marketing and advertising professional population and through the same channels as it does its MASTERS OF MARKETING conference.

24.    The ANA sponsors numerous other conferences throughout the year as well.  One such conference is the "ANA Brand Activation Conference" which the ANA most recently hosted in April 2017.

25.    Brand activation is a specific type of marketing that is intended to build a brand's image through connecting and interacting with the consumer and ultimately driving consumer behavior.  This type of marketing is becoming an important focus for companies, which are spending a significant amount of their total marketing budgets on brand activation.  The ANA Brand Activation Conference was promoted as an educational conference teaching attendees "creative strategies to engage with and inspire customers across touchpoints."

26.    The ANA Brand Activation Conference was a 3-day conference held in Chicago, featuring speakers from major brands such as AT&T, Proctor & Gamble, Hewlett Packard and The Coca-Cola Company.  One evening of the Brand Activation conference included a gala at which the ANA presented its Brand Activation industry awards, the REGGIE Awards.

27.    Attendees of the ANA Brand Activation Conference traveled from across the country and included the Senior Editor of Defendant's Chief Marketer publication.

**B.    Defendant's Scheme to Take a Free Ride Off of Plaintiff's Famous Mark and Conference**

28.    On or around the time of the 2017 ANA Brand Activation Conference, Defendant, through its Chief Marketer arm, began promoting its own annual conference called "Masters of Brand Activation."  The conference is scheduled to occur on June 13, 2017 in New York City.

29.    Though Chief Marketer has held an annual conference for several years, it has never before been called "Masters of Brand Activation," nor utilized any "Masters of" name. Instead, the conference has been known as PROMONext.

30.     Defendant has promoted its infringing "Masters of Brand Activation" conference in a manner intended to copy the manner in which Plaintiff has promoted MASTERS OF MARKETING and its other "Masters of" conferences, as focusing on evolving ways to access consumers.  Indeed, Defendant promotes the conference as providing "insights on the latest marketing strategies and case studies across promotion, social, mobile, influencer, experiential and content marketing" and networking access to "$5 Billion worth of brand activation and promotion spenders."  *See* Exhibit B ("Masters of Brand Activation" website).

31.     Copying the MASTERS OF MARKETING and other ANA "Masters of" conferences, the "Masters of Brand Activation" conference features a variety of speakers discussing the success of campaigns by their household name companies including Mountain Dew, Malibu Rum, MINI and Marriott.  Indeed, copying the ANA Brand Activation conference, the "Masters of Brand Activation" conference includes an awards ceremony for its own industry awards.

32.     Also copying the ANA's methods of promoting its conferences, Defendant has promoted the "Masters of Brand Activation" conference through email, including to members of the ANA and unaffiliated attendees of Plaintiff's conferences.  Defendant has issued several rounds of promotional emails.

33.     Those receiving these promotions are likely to presume the "Masters of Brand Activation" conference is sponsored or affiliated with the ANA.  The "Masters of Brand Activation" name for a marketing conference, which encompasses a program much like the conferences offered by the ANA, is confusingly similar to the ANA's MASTERS OF MARKETING mark and other "Masters of" family of marks.

34.     Notably, a google search for "Masters of Brand Activation" suggests a link between Defendant's "Masters of Brand Activation" conference, which is offered as the first result, and Plaintiff's Brand Activation conference, which is offered as the second result.

**C.     Despite Warning from the ANA in a Cease And Desist Letter, Defendant Has Persisted in Its Use of "Masters of Brand Activation"**

35.     On April 25, 2017, counsel for Plaintiff sent Defendant a cease and desist letter notifying Defendant that the use of the "Masters of Brand Activation" name was infringing on its MASTERS OF MARKETING mark and falsely suggested an affiliation with the ANA, among other potential claims.

36.     Defendant did not substantively respond to the ANA's cease and desist letter for several weeks.  In the meantime, Defendant continued to heavily promote its "Masters of Brand Activation" conference and even increased the focus on the "Masters" portion of its infringing conference name.

37.     On May 15, 2017, after receipt of the ANA's cease and desist letter, Defendant sent yet another promotional email for the "Masters of Brand Activation" conference which even more prominently featured the "Masters of" portion of its name:

Before Cease & Desist Letter:                    May 15 Promotion:

In addition, this May 15 promotion falsely stated that it was "the only conference of its kind," when they were fully aware of the ANA's Masters trademarks and the ANA's marketing and

brand activation conferences.  *See* Exhibit C (May 15, 2017 "Masters of Brand Activation"
promotional email).

38.     Defendant sent an additional promotion on May 18, 2017 which continued to
emphasize the "Masters of" portion of the conference name.

39.     On May 19, 2017, Defendant finally responded to Plaintiff's April 25th letter,
refusing to cease its use of the "Masters of Brand Activation" name.

40.     Not only was Defendant surely aware of the ANA and its MASTERS OF
MARKETING mark and "Masters of" family of marks, given their prominence in the marketing
industry that Defendant purports to serve, but Defendant was clearly made fully aware of its
infringing conduct after Plaintiff's cease and desist letter.  Because Defendant continued to use,
and in fact, enhanced the prominence of the "Masters of" portion of its name, its conduct has
clearly crossed the line into bad faith and willful infringement, to the extent it was not there
already.

## FIRST CAUSE OF ACTION
### False Association Pursuant to Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)

41.     Plaintiff restates and re-alleges each and every foregoing paragraph of this
Complaint as if fully set forth herein.

42.     Plaintiff has created a "Masters of" family of marks which it uses to promote the
marketing conferences it offers.  Those in the marketing industry associate conferences bearing
the "Masters of" name with the ANA.  Accordingly, the "Masters of" name has acquired
secondary meaning.

43.     Without Plaintiff's authorization, Defendant has used the confusingly similar
"Masters of Brand Activation" for its annual conference and in commerce.

44.     Defendant's use of the "Masters of Brand Activation" name constitutes false association pursuant to 15 U.S.C. § 1125(a).

45.     Upon information and belief, Defendant had actual and constructive knowledge of Plaintiff's ownership and rights in the "Masters of" family of marks prior to Defendant's use of "Masters of Brand Activation."

46.     Upon information and belief, Defendant used and continues to use the "Masters of Brand Activation" name in commerce with actual knowledge of Plaintiff's rights and with actual knowledge that such use was and continues to violate Plaintiff's rights, all with the intention to cause confusion, mistake, and/or deception.

47.     Defendant's use of "Masters of Brand Activation" is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's conference with Plaintiff's "Masters of" family of marks.

48.     Upon information and belief, Defendant's intentional false and misleading representation has caused damages and will continue to cause damage to Plaintiff, and is causing substantial, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law.  Unless restrained by this Court, Defendant will continue to violate Plaintiff's rights in the "Masters of" family of marks.  Plaintiff is thus entitled to permanent injunctive relief.

## SECOND CAUSE OF ACTION
### Trademark Infringement Pursuant to Sections 32 of the Lanham Act, 15 U.S.C. § 1114

49.     Plaintiff restates and re-alleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

50.     Plaintiff holds all right, title, and interest in and to the MASTERS OF MARKETING mark and has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

51.     Defendant's MASTERS OF MARKETING mark for "[e]ducational services, namely, organizing and conducting forums and conferences in the field of marketing," is incontestable.

52.     Without Plaintiff's authorization, Defendant has used the confusingly similar "Masters of Brand Activation" for its annual conference and in commerce.

53.     Defendant's use of the "Masters of Brand Activation" name constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

54.     Upon information and belief, Defendant had actual and constructive knowledge of Plaintiff's ownership and rights in the MASTERS OF MARKETING mark prior to Defendant's infringing use of "Masters of Brand Activation."

55.     Upon information and belief, Defendant used and continues to use the "Masters of Brand Activation" name in commerce with actual knowledge of Plaintiff's rights and with actual knowledge that such use was and continues to infringe Plaintiff's rights, all with the intention to cause confusion, mistake, and/or deception.

56.     Defendant's use of "Masters of Brand Activation" is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, sponsorship, or association of Defendant's conference with Plaintiff's MASTERS OF MARKETING conference.

57.     Upon information and belief, Defendant's intentional and willful infringement of Plaintiff's mark has caused damages and will continue to cause damage to Plaintiff, and is causing substantial, immediate and irreparable harm to Plaintiff for which there is no adequate

remedy at law.  Unless restrained by this Court, Defendant will continue to infringe on Plaintiff's MASTERS OF MARKETING mark.  Plaintiff is thus entitled to permanent injunctive relief.

### THIRD CAUSE OF ACTION
### Unfair Competition Under New York Common Law

58.    Plaintiff restates and re-alleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

59.    In offering a "Masters of" marketing conference, Defendant has misappropriated the ANA's "Masters of" family of marks.  Such conduct constitutes unfair competition under New York common law.

60.    Upon information and belief, Defendant had actual and constructive knowledge of Plaintiff's ownership and rights in the "Masters of" family of marks prior to Defendant's use of "Masters of Brand Activation."

61.    Upon information and belief, Defendant used and continues to use the "Masters of Brand Activation" name in commerce with actual knowledge of Plaintiff's rights and with actual knowledge that such use was and continues to violate Plaintiff's rights, all with the intention to cause confusion, mistake, and/or deception.

62.    Defendant's use of "Masters of Brand Activation" is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's conference with Plaintiff's "Masters of" family of marks.

63.    Upon information and belief, Defendant's false and misleading representation, made in bad faith, has caused damages and will continue to cause damage to Plaintiff, and is causing substantial, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law.  Unless restrained by this Court, Defendant will continue to violate Plaintiff's

rights in the "Masters of" family of marks. Plaintiff is thus entitled to permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For a preliminary and permanent injunction restraining and enjoining Defendant, its officers, agents, servants, employees, and those in active concert or participation with it from:

   a. using on or in connection with any product or service or the manufacture, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or from using for any commercial purpose whatsoever: (i) the Masters of Brand Activation name; (ii) any other trademark which colorably imitates or is confusingly similar to Plaintiff's MASTERS OF MARKETING mark or its "Masters of" family of marks; and (iii) any other false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the public or to deceive the public into the belief that Defendant's marketing conferences are the same as or associated with Plaintiff's marketing conferences;

   b. from representing by any means whatsoever, directly or indirectly, that any marketing conferences hosted by Defendant are affiliated, sponsored, approved or endorsed by Plaintiff or that Plaintiff's and Defendant's marketing conferences derive from a common source;

   c. from representing by any means whatsoever, directly or indirectly, that any conferences held by Defendant possess the same quality or characteristics as those held by Plaintiff;

2.    That Defendant be required to account for and remit to Plaintiff all gains, profits and advantages derived by it from its acts of infringement, false representation and unfair competition, to the full extent provided by 15 U.S.C. § 1117 and New York common law on unfair competition, and that those amounts be trebled in view of the willfulness of Defendant's actions pursuant to 15 U.S.C. § 1117;

3.    For an order requiring Defendant to deliver to Plaintiff for destruction all labels, signs, prints, and advertisements in Defendant's possession bearing the Masters of Brand Activation name, pursuant to 15 U.S.C. § 1118;

4.    For attorneys' fees and costs incurred herein because of the willfulness and outrageous nature of Defendant's actions, pursuant to 15 U.S.C. § 1117;

5.    For pre-judgment interest according to proof; and

6.    For such other relief as the Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues and all claims.

Dated:   New York, New York          **REED SMITH LLP**
         May 23, 2017

                                      By:  *s/ Peter D. Raymond*
                                           Peter D. Raymond
                                           Sarah Levitan
                                           599 Lexington Avenue
                                           New York, New York 10022
                                           Tel: (212) 521-5400
                                           Fax: (212) 521-5450

                                           *Attorneys for Plaintiff*
                                           *Association of National Advertisers*